IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VISHAL GOSWAMI,<br><br>Defendant. | Case No. 8:25CR70<br><br><br>**MOTION TO WITHDRAW DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION EVIDENCE AND TO CANCEL FEBRUARY 25, 2026 HEARING** |

COMES NOW Defendant Vishal Goswami by and through counsel, Joseph L. Howard and respectfully moves this Court for leave to withdraw his previously filed Motion to Suppress Identification Evidence (Filing No. 114) and to cancel the hearing currently set for February 26, 2026. In support, Defendant states as follows:

1. On February 13, 2026, Defendant filed a Motion to Suppress Identification Evidence (Filing 114) and a supporting brief (Filing 113).

2. Defendant's Motion to Suppress Identification rests in part on newly obtained testimonial evidence of the alleged victims' depositions. In said depositions, one of the alleged victims was challenged to identify the defendant in a photo array of 8 photos, which was unlike the original identification technique employed by the investigating officers. In the deposition, the deponent falsely identified the defendant. The deponent was then shown a single photo of the defendant, and identified defendant in said photo, shortly after admitting that the prosecution helped her remember.

3. Defendant is adamant that the original identification procedure was suggestive and unreliable; however even if the original identifications are suppressed, the alleged victims will still make identifications, as was done in said deposition.

4. The defense depositions were just recently transcribed, and having conducted a more nuanced and thorough review of said depositions, the defense strategy has strengthened.

5. Accordingly, having had additional time to review the deposition transcripts and additional time to review case law and scientific literature regarding cross racial identifications techniques involving teens, the best trial tactic at this point is to withdraw

the Motion to Suppress Identification.  Instead of denying the jury, it makes more sense to educate the jury on the outdated, disproven identification techniques which implanted the original false identification of the defendant as a sex offender. Such will demonstrate to the jury how the investigating officers are responsible for the fruit of that first fatally flawed identification.

6.    Accordingly, in review of the totality of the circumstances, defense counsel is at liberty to make strong, competent pretrial decisions and respectfully submits this explanation in support of this request to withdraw the Motion to Suppress.

WHEREFORE, Defendant respectfully requests that the Court grant this Motion, allow the withdrawal of the Motion to Suppress Identification Evidence (Filing No. 114), cancel the suppression hearing currently scheduled for February 26, 2026, and grant such other and further relief as the Court deems just and proper.

DATED: February 25, 2026.


VISHAL GOSWAMI, Defendant

By:    */s/Joseph L. Howard*
Joseph L. Howard, #22743
DORNAN, HOWARD, BREITKREUTZ,
DAHLQUIST & KLEIN, P.C. LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102
Telephone: (402) 884-7044
Email: JHoward@DLTLawyers.com
*Attorney for Defendant*

2

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

Danielle Fliam, Assistant United States Attorney

*/s/Joseph L. Howard*